UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                Plaintiff

v.                                                              Criminal Action No. 3:18-cr-00060-RGJ

JAMAR GARRISON                                                                          Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on the Defendant Jamar Garrison's ("Garrison") Motion to Strike the Information and Notice of Prior Felony Drug Conviction filed under 21 U.S.C. § 851 ("Motion to Strike")[DE 105] and objections to the Presentence Investigation Report ("PSR"). [DE 110, Revised PSR]. The Court held oral argument on May 16, 2019.[1] For the reasons below, the Court will deny the Motion to Strike as moot and overrule Garrison's objections to the PSR.

**BACKGROUND**

The United States filed an Information and Notice of Prior Felony Drug Conviction under 21 U.S.C. § 851 stating its intent to seek an enhanced penalty under 21 U.S.C. § 841(b)(1)("Notice"). [DE 44]. Later, a jury convicted Garrison of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count 1), possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 2), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). [DE 57, Jury Verdict; DE 1, Indictment]. Garrison moves to strike the Notice, arguing he should not be subject to an enhanced statutory maximum sentence

---

[1] During oral argument the Court shared preliminary thoughts on the record; however, the Court indicated a written order would issue after further considering the issues. This Order supersedes the Court's statements from the bench to the extent such statements are different.

1

under 21 U.S.C. § 841(b)(1). [DE 105, Mot. Strike]. The United States filed a Response. [DE 116, Resp.]. Garrison did not file a Reply.

Garrison also objects to the PSR. [DE 110, Rev. PSR]. Garrison objects to the calculation of his base offense level under U.S.S.G. § 2K2.1, application of the career offender enhancement under U.S.S.G. § 4B1.1(a), and application of the armed career criminal enhancement under 18 U.S.C. § 924(e) of the Armed Career Criminal Act ("ACCA").

## DISCUSSION

### A. Objection to Base Level Offense under U.S.S.G. § 2K2.1

First, Garrison objects to the calculation of his base offense level of 24 in paragraph 17 of the PSR. The United States Sentencing Commission Guidelines ("the Guidelines") group Count 1 and Count 2 under U.S.S.G. § 3D1.2(c)-(d). Count 1 produces the higher total offense level under U.S.S.G. § 2K2.1 and thus is used to calculate the guideline range. Garrison does not object to the grouping of the counts or to the use of Court 1 to calculate the guideline range. That said, Garrison objects to the use of U.S.S.G. § 2K2.1(2) as opposed to U.S.S.G. § 2K2.1(4).

U.S.S.G. § 2K2.1(a)(2) provides that Garrison's base offense level for unlawful possession of firearms is 24 "if [he] committed any part of the instance offense subsequent to sustaining **at least two** felony convictions of either a crime of violence or **a controlled substance offense** . . ." (emphasis added). Thus, for Garrison's base offense level to be 24, he must have committed two prior felony convictions that qualify as either a "crime of violence" and/or a "controlled substance offense" (*i.e.*, two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense). On the other hand, U.S.S.G. § 2K2.1(a)(4) provides for a base offense level of 20 when the defendant "committed any part of the instant offense subsequent to

2

sustaining **one felony** conviction of either a **crime of violence** or a *controlled substance offense*" or the firearm involved meets certain listed criteria. (emphasis added).

Garrison has four prior convictions at issue. He has three potential "controlled substance" offenses:

1. Complicity to Trafficking in Controlled Substance First Degree Cocaine (Class C felony punishable by 5-10 years imprisonment) in Jefferson Circuit Court Case Number 06-CR-907 [DE 110, Rev. PSR ¶ 44];

2. Enhanced Trafficking in Controlled Substance While in Possession of a Firearm (Class C felony punishable by 5-10 years imprisonment) in Jefferson Circuit Case Number 07-CR-4192 [DE 110, Rev. PSR ¶ 45];

3. Trafficking in Controlled Substance First Degree Schedule II Hydrocodone (Class C felony) in Jefferson Circuit Case Number 16-CR-2358 [DE 110, Rev. PSR ¶ 48].

Garrison also has a potential conviction for a "crime of violence":

4. Facilitation to Assault 1st Degree (Class D felony punishable by 1-5 years imprisonment) in Jefferson Circuit Case Number 07-CR-4192 [DE 110, Rev. PSR ¶ 45].

Garrison concedes that the fourth conviction listed above, Facilitation to Assault 1st Degree, qualifies as predicate "crime of violence,"[2] but argues that none of the above drug convictions qualify as a predicate "controlled substance offense" because the Kentucky statute under which he was convicted is broader than the Guidelines' definition of "controlled substance offense." Thus, Garrison argues he only has one predicate offense and his based offense level should be 20.

---

[2] "Crime of violence" is defined in U.S.S.G. § 4B1.2(a) as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1)has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

**B. Standard for Determining whether Trafficking in Controlled Substance First-Degree, KRS § 218A.1412, is a "Controlled Substance Offense" under the § 4B1.2(b) of the Guidelines.**

Garrison's objection turns on whether at least one of his three prior convictions under KRS § 218A.1412,Trafficking in Controlled Substance First-Degree, qualifies as a "controlled substance offense" under U.S.S.G. § 4B1.2(b). The Court begins by applying the categorical approach to determine whether at least some part of Kentucky's Trafficking in Controlled Substance First-Degree statute is too broad to qualify as a "controlled substance offense" under the Guidelines. *Descamps v. United States*, 570 U.S. 254, 261 (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)).

> a. <u>Comparison between the definition of a controlled substance offense under § 4B1.2(b) and the elements of KRS § 218A.1412, Trafficking in Controlled Substance First-Degree.</u>

A "controlled substance offense" under the Guidelines is defined to mean:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). Thus, for a prior conviction to qualify as a "controlled substance offense" under the Guidelines it must be:

1) an offense under federal or state law;

2) punishable by imprisonment for a term exceeding one year; and

2) that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance)

   *or*

   [that prohibits] the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

The term "controlled substance" is defined by statute as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V." *United States v. Pittman*, 736 F. App'x 551, 553 (6th Cir.), *cert. denied*, 139 S. Ct. 608 (2018), citing 21 U.S.C. § 802(6); *United States v. Ramos*, 814 F.3d 910, 919 (8th Cir. 2016).

The Court looks to the elements of this statute as it existed at the time of prior convictions in 2007 and 2008. *United States v. Dahl*, 833 F.3d 345, 354 (3d Cir. 2016), citing *Taylor*, 495 U.S. at 598. At the time of Garrison's previous convictions, KRS 218A.1412, Trafficking in Controlled Substance First-Degree stated:

> (1) A person is guilty of trafficking in a controlled substance in the first degree when he knowingly and unlawfully traffics in: a controlled substance, that is classified in Schedules I or II which is a narcotic drug; a controlled substance analogue; lysergic acid diethylamide; phencyclidine; or a controlled substance that contains any quantity of methamphetamine, including its salts, isomers, and salts of isomers; gamma hydroxybutyric acid (GHB), including its salts, isomers, salts of isomers and analogues; or flunitrazepam, including its salts, isomers, and salts of isomers.
>
> (2) Any person who violates the provisions of subsection (1) of this section shall:
>
>> (a) For the first offense be guilty of a Class C felony.
>>
>> (b) For a second or subsequent offense be guilty of a Class B felony.

KRS 218A.1412, (eff. 7-15-02). "Traffic" at the time of Garrison's prior offenses was defined as:

> to manufacture, distribute, dispense, sell, transfer, or possess with intent to manufacture, distribute, dispense, or sell a controlled substance.

KRS 218A.010 (eff. 6-26-07).

The the drug Dextrorphan, a metabolite of cough syrup, is prohibited under Kentucky's Controlled Substance Schedule I, but is not included in the federal drug schedules. *Compare* KRS 218A.050 (listing Dextrorphan as a Schedule 1 controlled substance) *with Lists of: Scheduling Actions, Controlled Substances, Regulated Chemicals*, U.S. Dep't of Just. 5, 10 (May 2019),

https://www.deadiversion.usdoj.gov/schedules/orangebook/orangebook.pdf (noting that Dextrorphan was removed from the federal schedules in 1976 and not listing Dextrorphan); 41 FR 43401-43402. Garrison thus argues that KRS § 218A.1412 criminalizes the trafiking of at least one substance not a "controlled substance" under 21 U.S.C. § 802(6) and criminalizes some action that is not a "controlled substance offense" under U.S.S.G. § 4B1.2(b). He therefore argues that his past convictions under KRS § 218A.1412 are categorically not controlled substance offenses.

      b.      <u>Application of Two-Step Categorical Approach</u>

To determine whether KRS § 218A.1412 is a "controlled substance offense" under U.S.S.G. § 4B1.2(b) the Court applies a two-step categorical approach. *United States v. Butler*, 207 F.3d 839, 842-43 (6th Cir. 2000) (employing a categorical approach to determine whether a particular offense constituted a "controlled substance offense" or "crime of violence" under the Guidelines). First, the Court determines whether the statute is divisible—that is, does it list the elements[3] in the alternative, defining multiple alternate versions of the crimes. *Mathis v. United States*, 136 S. Ct. 2243, 2249, (2016). One way to determine if the statute is divisible is to look to see "'[i]f statutory alternatives carry different punishments,' because if they do, 'then under *Apprendi* they must be elements.'" *United States v. Burris*, 912 F.3d 386, 405 (6th Cir. 2019), citing *Apprendi v. New Jersey*, 530 U.S. 466, 489 (2000); *Mathis*, 136 S.Ct. at 2256.

---

[3] "Elements" are the "constituent parts" of a crime's legal definition—the things the "prosecution must prove to sustain a conviction." *Mathis*, 136 S. Ct. at 2248, citing Black's Law Dictionary 634 (10th ed. 2014). "At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant . . . and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty . . ." *Id*. (internal citations omitted).

Yet, where a statute lists alternative means (facts)[4] of committing a single element of a crime, it is not divisible. *Id*. In other words, divisible statutes "set[ ] out one or more elements of the offense in the alternative," "thereby defin[ing] multiple crimes." *Descamps*, 570 U.S. at 257; *Mathis*, 136 S.Ct. at 2249. If at least one of the statute's alternative sets of elements categorically matches the ACCA's or Guidelines' elements clauses and at least one of the sets of elements does not, the "modified categorical approach" allows sentencing courts to consult the *Shepard* documents "to determine which alternative formed the basis of the defendant's prior conviction." *Descamps*, 570 U.S. at 257; citing *Shepard v. United States*, 544 U.S. 13, 16 (2005). The *Shepard* documents include the indictment, jury instructions, plea agreement, and colloquy, of the prior conviction. *Shepard*, 544 U.S. at 26.

Because Kentucky's Schedule I includes at least one drug that is not a federal "controlled substance"—Dextrorphan—the Court applies the categorical approach to determine whether the different substances listed in Kentucky's Schedule I are alternative elements or alternative means. *Pittman*, 736 F. App'x at 555 (applying categorical approach to determine whether Michigan's statute was divisible where Michigan's Schedule I includes at least one drug that is not a federal "controlled substance"—to determine whether the many different substances listed in Schedule I are alternative elements or alternative means). The Court determines this question by consulting Kentucky law. *Mathis*, 136 S.Ct. at 2250.

A plain reading of KRS § 218A.1412 shows that the specific controlled substance a defendant is charged with trafficking is an element of the crime. Kentucky's jury instructions on

---

[4] "Facts, by contrast, are mere real-world things—extraneous to the crime's legal requirements . . . [t]hey are "circumstance[s]" or "event[s]" having no "legal effect [or] consequence": In particular, they need neither be found by a jury nor admitted by a defendant. *Mathis*, 136 S. Ct. at 2248, citing Black's Law Dictionary 709.

7

Trafficking in a Controlled Substance First-Degree also support this position as they require the jury to find the specific substance a defendant is charged with trafficking as one of the elements of the crime:

> You will find the Defendant guilty of First-Degree Trafficking in a Controlled Substance under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:
>
> A. That in this county on or about _____ (date) and before the finding of the Indictment herein, he had in his possession a quantity of _____ **(ID substance);**
>
> B. That he knew the substance so possessed by him was _____ **(ID substance);** [AND]
>
> C. That he had the _____ **(ID substance)** in his possession with the intent of [(selling)(distributing)(dispensing) it to another person;][manufacturing _____ **(ID substance)];**
>
> [AND]
>
> D. [That he was not induced to do so by entrapment.]

1-9 Cooper, KENTUCKY JURY INSTRUCTIONS § 9.11B (2005)(emphasis added). Because the specific controlled substance is an element of the offense, KRS § 218A.1412 is divisible and the modified categorical approach applies.

There is no dispute that the *Shepard* documents show that Garrison's prior offenses involved cocaine, a substance listed on the federal schedules.[5] As a result, his past convictions under KRS § 218A.1412 qualify as predicate "controlled substance offenses" under U.S.S.G. § 4B1.2(b). Because Garrison has at least one previous conviction for a crime of violence and at least one previous conviction for a controlled substance offense, Garrison's base offense level for

---

[5] At the May 16 oral argument, the United States tendered to the Court certified copies of the charging documents, guilty pleas, and judgments relating to the three prior convictions at issue for Trafficking in a Controlled Substance First-Degree. These documents were made exhibits and will be entered into the record.

unlawful possession of firearms is 24 pursuant to U.S.S.G. § 2K2.1(a)(2). As a result, Garrison's objection to his base level offense of 24 is OVERRULED.

C.   **Objection to Career Offender Enhancement under U.S.S.G. § 4B1.1(a)**

Under the Guidelines, a defendant is a career offender if

(1)   the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a **crime of violence** or a controlled substance offense; and (3) the defendant has at least **two prior** felony convictions of either a **crime of violence** or a **controlled substance offense**.

U.S.S.G. § 4B1.1(a)(emphasis added). If a defendant is subject to this enhancement, he receives a significant increase to his base offense level and automatically becomes a criminal history category VI for his advisory guideline range calculation. U.S.S.G. § 4B1.1(b).

Garrison makes the same objection to the career offender enhancement under U.S.S.G. § 4B1.1(b), arguing that while he has one prior conviction for a crime of violence, he does not have a prior conviction for a controlled substance offense because KRS § 218A.1412 criminalizes trafficking a controlled substance not on the federal schedules. As discussed above, this objection is OVERRULED. Thus, the career offender enhancement under U.S.S.G. § 4B1.1(b) applies.

D.   **Objection to Armed Career Criminal Enhancement under 18 U.S.C. 924(e)**

Garrison objects to applying the armed career criminal enhancement under 18 U.S.C. 924(e) which provides that "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both . . . such person shall be fined under this title and imprisoned not less than fifteen years . . ."

Garrison argues his previous convictions for first-degree trafficking KRS § 218A.1412 do not qualify as "serious drug offenses" under the armed career criminal enhancement for the same

9

reason he argues those offenses are not "controlled substance offenses" under the Guidelines. The Court analyzes predicate offenses under the Armed Career Criminal Act,18 U.S.C. § 924, the same as under the career offender enhancement in the Guidelines. *United States v. Johnson,* 707 F.3d 655, 659 n.2 (6th Cir. 2013); *Price v. United States*, 250 F. App'x 719, 722 (6th Cir. 2007). Accordingly, for the reasons set forth above, Garrison's objection is OVERRULED and the armed career criminal enhancement under 18 U.S.C. 924(e) applies.

E.      **Motion to Strike § 851 Notice**

Garrison moves to strike the United States' Notice of Prior Felony Drug Conviction filed under 21 U.S.C. § 851(a)(1). The Notice relates to Garrison's prior conviction a felony drug offense in 2007, Trafficking in a Controlled Substance in the First-Degree, case number 06-CR-0907 in the Jefferson County Circuit Court, Louisville, Kentucky. [DE 44]. Garrison argues the 2007 conviction listed in the Notice should not enhance his sentence under 21 U.S.C. § 841(b)(1) because: 1) the United States did not file a certified copy of the judgment; 2) the conviction does not qualify as a "felony drug offense" or "serious drug offense" under 21 U.S.C. § 841(b)(1). [DE 105]. At oral argument, the United States withdrew its Notice. As a result, this issue is moot and the Motion to Strike is DENIED.

## CONCLUSION

For the reasons set forth above, and being otherwise sufficiently advised, **THE COURT ORDERS** that Garrison's Motion to Strike the Information and Notice of Prior Felony Drug Conviction filed under 21 U.S.C. § 851 [DE 105] is **DENIED** as moot and Garrison's objections to the Presentence Investigation Report [DE 110] are **OVERRULED**.

June 25, 2019

Rebecca Grady Jennings, District Judge
United States District Court